1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,              No.  2:04-cr-0305 JAM CKD

10                    Plaintiff/Respondent,

11        v.                                FINDINGS AND RECOMMENDATIONS

12   AMADO ESTEVEZ, Jr.,                    and ORDER

13                    Defendant/Movant.

14

15         Movant, a federal prisoner currently being held at the Metropolitan Correctional Center in

16   Chicago, proceeding pro se, brings a challenge to his sentence under 28 U.S.C. § 2255.  (ECF

17   Nos. 37, 60.)  Movant also brings a motion to appoint counsel.  (ECF No. 252.)  For the reasons

18   set forth below, this court recommends movant's Section 2255 motion be DENIED.   The court

19   further DENIES movant's request for appointment of counsel.

20        I.      Background

21         On January 26, 2005, movant was charged by indictment with six counts relating to a

22   scheme to sell methamphetamine.  (ECF No. 61.)  On May 25, 2006, movant pleaded guilty to

23   Count One of the indictment, conspiracy to possess with intent to distribute at least 500 grams of

24   a mixture and substance containing a detectable amount of methamphetamine in violation of 21

25   U.S.C. §§ 841(1)(1) and 846.  (ECF No. 102.)  On February 15, 2007, movant was sentenced to a

26   term of 135 months.  (ECF No. 161; ECF No. 163; ECF No. 250 at 1.)   Movant waived his right

27   to appeal and collaterally attack his sentence, and specifically agreed to not file a motion under 28

28   U.S.C. § 2255.  (ECF No. 102 at 8.)  Movant did not file an appeal.  (ECF No. 250 at 1-2.)

                                            1

1    Nearly thirteen years after the imposition of his sentence, on January 21, 2020, movant

2    filed the instant motion requesting the court vacate his sentence.  (ECF No. 250.)  Movant argues

3    that his motion is timely because it is subject to equitable tolling.  Movant states that he

4    previously retained attorney Manuel Lopez to file an appeal or a motion pursuant to section 2255.

5    (Id. at 25.)  He further states that Lopez did not file any motion for relief, and upon learning about

6    Lopez's inaction, movant was distraught and decided to escape custody while imprisoned at the

7    Taft Correctional Institution Camp.  Movant allegedly escaped and crossed the border into

8    Mexico where he remained for the next eight years.  (Id. at 26.)  Movant states that on September

9    25, 2008, he was charged with escaping confinement.  (Id.)

10   Movant next explains that while in Mexico, he secured employment for a timeshare

11   telemarketing company, that was, in fact, a scheme to defraud timeshare owners of a variety of

12   fees.  (Id.)  Movant's participation in this scheme led to his indictment in a case in the Northern

13   District of Illinois.  (Id. at 26-27.)  On March 8, 2018, movant was arrested by Interpol agents on

14   a warrant for extradition to the United States.  (Id. at 27.)  Movant states that he was then served

15   with a second extradition warrant and his extradition was delayed by seventeen months; during

16   this time movant was held at two separate facilities in Mexico where he allegedly experienced

17   physical and emotional abuse.  (Id.)  Movant was brought to the United States on July 26, 2019.

18   (Id.)

19   In his January 21, 2020 motion, movant argues four grounds for relief: (1) ineffective

20   assistance of counsel as to Roseann Torres at the pre-plea, plea, and sentencing stages of the case,

21   as well as for allegedly failing to file a notice of appeal; (2) ineffective assistance of counsel as to

22   Manuel Lopez in post-conviction proceedings; (3) reversible error by the district court in

23   imposing a 135 month sentence; and (4) deliberate indifference by the United States Department

24   of Justice to movant's alleged torture while he was held and imprisoned in Mexico for 17 months.

25   (Id.)  He argues that due to extraordinary circumstances, he is entitled to equitable tolling, and

26   that despite the thirteen-year delay, his motion it timely.  (Id. at 27.)

27   II.   Legal Standard

28   A federal prisoner making a collateral attack against the validity of his or her conviction

or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under section 2255, the district court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute.  Davis v. United States, 417 U.S. 333, 343-44 (1974).  To warrant relief, a movant must demonstrate the existence of an error which had a substantial and injurious effect or influence on the verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) (Brecht standard applies to habeas cases brought under section 2255 just as it does to those under section 2254), cert. denied, 541 U.S. 1011 (2004).

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III.    Analysis

Movant argues that extraordinary circumstances apply, and he is therefore entitled to equitable tolling.  (ECF No. 250 at 27.)

A.    Applicable State of Limitation

Following a final judgment of conviction, a defendant has fourteen days within which to file a notice of appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  In this case, judgment was entered on February 15, 2007.  (ECF No. 163.)  The time for filing a notice of appeal of the judgment expired fourteen days later.  Fed. R. App. P. 4.  Because no appeal was taken, the judgment became final on fourteen days after the judgment, on March 1, 2007.  See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (explaining that when a criminal defendant does not appeal, the conviction becomes final at the expiration of the time during which he could have

1    appealed).

2          Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal

3    prisoners are required to bring a collateral attack under § 2255 within one year of the date their

4    conviction becomes final.  See 28 U.S.C. § 2255.   The one-year limitation period commenced on

5    March 1, 2007.  Thus, movant had until March 1, 2008 in which to file his Section 2255 motion

6    in this court.  However, he did not file his motion until January 21, 2020, nearly twelve years

7    after the expiration of the limitation period.

8                    B.  Equitable Tolling

9          Because petitioner filed his Section 2255 motion outside the limitations period, he may

10   proceed only if he can demonstrate entitlement to equitable tolling.  United States v. Battles, 362

11   F.3d 1195, 1197 (9th Cir. 2004) (holding that the statute of limitations under Section 2255 is

12   subject to equitable tolling).  A habeas petitioner is entitled to equitable tolling if he demonstrates

13   that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood

14   in his way and prevented timely filing.  See Holland v. Florida, 560 U.S. 631 (2010); Ramirez v.

15   Yates, 571 F.3d 993, 997 (9th Cir. 2009).  The diligence required for equitable tolling purposes is

16   "reasonable diligence," not "maximum feasible diligence."  See Holland, 560 U.S. at 2565; see

17   also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).  An "extraordinary circumstance" has

18   been defined as an external force that is beyond the inmate's control.  Miles v. Prunty, 187 F.3d

19   1104, 1107 (9th Cir. 1999).

20         Movant argues that because Torrez allegedly failed to file a notice of appeal, and because

21   Lopez did not file a motion pursuant to 28 U.S.C. § 2255, movant is entitled to equitable tolling

22   and his motion is therefore timely.  (ECF No. 250 at 27.)

23         As to diligence, the court finds that movant has not shown he was diligently pursuing his

24   rights to file his petition during the twelve-year delay.  Movant spent much of the last twelve

25   years living freely in Mexico.  Instead of filing his petition once he learned that Lopez failed to

26   file a motion on movant's behalf, movant escaped custody and fled the country, only filing a

27   petition once he was again imprisoned in the United States.  This is not reasonable diligence.  As

28   to extraordinary circumstances, again, the court looks to the forces both within and not within

                                        4

movant's control.  Movant's choice to escape custody and cross the border was certainly within movant's control.  The over-decade long delay was almost entirely caused by circumstances created by movant's own choices.  The court finds that the reasons movant has stated for his delay do not warrant equitable tolling.  Accordingly, the court recommends movant's petition be denied as untimely.

IV.     Motion for Appointment of Counsel

Movant has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in § 2255 proceedings.  See, e.g., Irwin v. United States, 414 F.2d 606 (9th Cir. 1969).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2255 Proceedings.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

V.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that movant's request for appointment of counsel (ECF No. 252) is DENIED without prejudice to a renewal of the request at a later stage of the proceedings.

Further, IT IS HEREBY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, (ECF No. 250), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If movant files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Dated:  October 15, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

18:este0305.2255

6